UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTINE GILLAM,** *et al.,*
*on behalf of themselves and all*
*Individuals similarly situated*,

    Plaintiffs,

v.                                                      Civil Action No. 3:18cv00473-REP

**DAN KOETTING,** *et al.,*

    Defendants.

## DEFENDANTS DAN KOETTING AND ROCK HILL CONSULTING, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendants, Dan Koetting ("Koetting") and Rock Hill Consulting, LLC ("Rock Hill") (collectively, "Defendants"), by counsel, submit the following Answer to Plaintiffs' First Amended Class Action Complaint ("Amended Complaint"). Defendants do not purport to answer on behalf of Defendants Green Gate Services, LLC ("Green Gate"), Clear Loan Solutions, LLC ("Clear Loan"), Mark Koetting, or Redondo Management, LLC ("Redondo") (collectively, the "Co-Defendants"), even if the allegations to which they respond pertain to the Co-Defendants and Defendants, and answer only on their own behalf as follows:

### INTRODUCTION

1. Defendants deny the allegations in paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendants admit that Green Gate is associated with Big Lagoon Rancheria, a federally-recognized tribe. Defendants lack knowledge in that regard as to Clear Loans. Defendants deny the remaining allegations in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendants deny the allegations in paragraph 3 of Plaintiffs' Amended Complaint. The remaining allegations in paragraph 3 of the Amended Complaint refer to documents, which

speak for themselves. To the extent that the allegations of paragraph 3 vary from the text of the documents themselves, they are denied.

4. The allegations contained in paragraph 4 of Plaintiffs' Amended Complaint refer to loan agreements, which speak for themselves. To the extent that the allegations of paragraph 4 vary from the text of the loan agreements themselves, they are denied. Defendants deny the remaining allegations in paragraph 4 of Plaintiffs' Amended Complaint and further deny that Plaintiffs are entitled to any of the requested relief.

5. Defendants admit that Plaintiffs purport to bring this action for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Defendants deny the remaining allegations in paragraph 5 of Plaintiffs' Amended Complaint.

## JURISDICTION

6. No answer is necessary to paragraph 6 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

7. Defendants deny the allegations in paragraph 7 of Plaintiffs' Amended Complaint.

## PARTIES

8. Defendants deny the allegations in paragraph 8 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

9. Defendants deny the allegations in paragraph 9 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

10. Defendants deny the allegations in paragraph 10 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

11. Defendants deny the allegations in paragraph 11 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

12. Defendants deny the allegations in paragraph 12 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

13. Defendants admit that Koetting is a natural person and resident of San Diego. Defendants further admit that Koetting is a founder and President of Rock Hill. Defendants deny the remaining allegations in paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendants admit that Koetting is a founder and President of Rock Hill. Defendants deny the remaining allegations in paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendants admit that Green Gate is associated with Big Lagoon Rancheria, a federally-recognized tribe. Defendants deny the remaining allegations in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

18. Defendants lack knowledge as to the alleged association between Clear Loans and the Big Lagoon Rancheria or Redondo. Defendants deny the remaining allegations in paragraph 18 of Plaintiffs' Amended Complaint.

### ALLEGED FACTUAL BACKGROUND

**A. Allegedly Virginia law prohibits usury and provides for strict licensing requirements to protect consumers from predatory and abusive lending practices.**

19. The allegations contained in paragraph 19 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 19 vary from the text of the document itself, they are denied.

20. The allegations contained in paragraph 20 of Plaintiffs' Amended Complaint refer to a published judicial decision, which speaks for itself. To the extent that the allegations of paragraph 20 vary from the text of the decision itself, they are denied.

21. The allegations contained in paragraph 21 of Plaintiffs' Amended Complaint refer to a published judicial decision, which speaks for itself. To the extent that the allegations of paragraph 21 vary from the text of the decision itself, they are denied.

22. No answer is necessary to paragraph 22 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 22 are contrary to law, they are denied.

23. No answer is necessary to paragraph 23 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 23 are contrary to law, they are denied.

24. The allegations contained in paragraph 24 of Plaintiffs' Amended Complaint refer to a published judicial decision, which speaks for itself. To the extent that the allegations of paragraph 24 vary from the text of the decision itself, they are denied. Defendants deny any remaining allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25. The allegations contained in paragraph 25 of Plaintiffs' Amended Complaint refer to published judicial decisions, which speak for themselves. To the extent that the allegations of paragraph 25 vary from the texts of the decisions themselves, they are denied. Defendants deny any remaining allegations in paragraph 25 of Plaintiffs' Amended Complaint.

**B. The rent-a-tribe model allegedly was developed to evade state usury laws, such as Virginia's.**

26. The allegations in paragraph 26 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent the allegations of paragraph 26 vary from the text

of the document itself, they are denied. Defendants deny any remaining allegations in paragraph 26 of Plaintiffs' Amended Complaint.

27. No answer is necessary to paragraph 27 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 27 are contrary to law, they are denied.

28. The allegations contained in paragraph 28 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 28 vary from the text of the document itself, they are denied.

29. The allegations contained in paragraph 29 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 29 vary from the text of the document itself, they are denied. Defendants deny any remaining allegations in paragraph 29 of Plaintiffs' Amended Complaint.

30. The allegations contained in paragraph 30 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 30 vary from the text of the document itself, they are denied.

31. The allegations contained in paragraph 31 of Plaintiffs' Amended Complaint refer to documents, which speak for themselves. To the extent that the allegations of paragraph 31 vary from the text of the documents themselves, they are denied.

32. The allegations contained in paragraph 32 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 32 vary from the text of the document itself, they are denied.

33. The allegations contained in paragraph 33 of Plaintiffs' Amended Complaint refer to published judicial decisions, which speak for themselves. To the extent that the allegations of

paragraph 33 vary from the texts of the decisions themselves, they are denied. Defendants deny any remaining allegations in paragraph 33 of Plaintiffs' Amended Complaint.

### C. The Koetting Brothers allegedly adopted the rent-a-tribe scheme to evade state usury laws, such as Virginia's, and they allegedly continue to use the rent-a-tribe model even though it has been largely discredited.

34. Defendants admit that Koetting was previously Managing Member of Alpine Direct Services, LLC. Defendants deny the remaining allegations in paragraph 34 of Plaintiffs' Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of Plaintiffs' Amended Complaint.

36. The allegations contained in paragraph 36 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 36 vary from the text of the document itself, they are denied.

37. The allegations contained in paragraph 37 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 37 vary from the text of the document itself, they are denied.

38. The allegations contained in paragraph 38 of Plaintiffs' Amended Complaint refer to a published judicial decision, which speaks for itself. To the extent that the allegations of paragraph 38 vary from the text of the decision itself, they are denied.

39. The allegations contained in paragraph 39 of Plaintiffs' Amended Complaint refer to a published judicial decision, which speaks for itself. To the extent that the allegations of paragraph 39 vary from the text of the decision itself, they are denied.

40. The allegations contained in paragraph 40 of Plaintiffs' Amended Complaint refer to published judicial decisions, which speaks for themselves. To the extent that the allegations of paragraph 40 vary from the texts of the decisions themselves, they are denied. Defendants deny any remaining allegations in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

**D.  Allegedly the Tribe was a nominal participant, while Defendants allegedly directed and controlled the operations.**

42. Defendants deny the allegations in paragraph 42 of Plaintiffs' Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendants admit that Koetting is a founder and President of Rock Hill. Defendants deny the remaining allegations in paragraph 44 of Plaintiffs' Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

46. Defendants deny the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

48. The allegations contained in paragraph 48 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 48 vary from the text of the document itself, they are denied.

49. Defendants deny the allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiffs' Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

52. Defendants deny the allegations in paragraph 52 of Plaintiffs' Amended Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiffs' Amended Complaint.

**F.  Defendants allegedly made, serviced and collected on loans to Virginia consumers in violation of Virginia's usury and licensing laws.**

54. Defendants deny the allegations in paragraph 54 of Plaintiffs' Amended Complaint.

55. The allegations contained in paragraph 55 of Plaintiffs' Amended Complaint refer to a document, which speaks for itself. To the extent that the allegations of paragraph 55 vary from the text of the document itself, they are denied. Defendants admit that consumers were required to sign a document to obtain a loan from Green Gate. Defendants lack knowledge in that regard as to Clear Loans.

56. The allegations contained in paragraph 56 of Plaintiffs' Amended Complaint refer to loan agreements, which speak for themselves. To the extent that the allegations of paragraph 56 vary from the text of the loan agreements themselves, they are denied.

57. The allegations contained in paragraph 57 of Plaintiffs' Amended Complaint refer to a loan agreement, which speaks for itself. To the extent that the allegations of paragraph 57 vary from the text of the loan agreement itself, they are denied.

58. The allegations contained in paragraph 58 of Plaintiffs' Amended Complaint refer to a loan agreement, which speaks for itself. To the extent that the allegations of paragraph 58 vary from the text of the loan agreement itself, they are denied.

59. Defendants admit that they did not obtain a consumer finance license from Virginia. Defendants deny that they were required to obtain such a license. Defendants deny the remaining allegations in paragraph 59 of Plaintiffs' Amended Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

60. Defendants deny the allegations in paragraph 60 of Plaintiffs' Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiffs' Amended Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiffs' Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiffs' Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of Plaintiffs' Amended Complaint.

68. Defendants deny the allegations in paragraph 68 of Plaintiffs' Amended Complaint.

## CLAIM ONE
## ALLEGED VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)
## (PUTATIVE CLASS CLAIM AGAINST ALL DEFENDANTS)

69. Defendants incorporates its responses and denials to paragraphs 1 through 68 of Plaintiffs' Amended Complaint as if fully restated.

70. Defendants admit that Plaintiffs purport to bring this claim on behalf of a class. Defendants further admit that Plaintiffs purport to define the class as stated in paragraph 70 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 70 or otherwise. Defendants deny the remaining allegations in paragraph 70.

71. Defendants admit that Plaintiffs purport to bring this claim on behalf of a subclass. Defendants further admit that Plaintiffs purport to define the subclass as stated in paragraph 71 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 71 or otherwise. Defendants deny the remaining allegations in paragraph 71.

72. No answer is necessary to paragraph 72 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 72 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

73. No answer is necessary to paragraph 73 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the

allegations in paragraph 73 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

74. No answer is necessary to paragraph 74 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 74 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

75. No answer is necessary to paragraph 75 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 75 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

76. No answer is necessary to paragraph 76 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 76 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

77. No answer is necessary to paragraph 77 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 77 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

78. No answer is necessary to paragraph 78 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 78 are contrary to law, they are denied.

79. Defendants deny the allegations in paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendants deny the allegations in paragraph 80 of Plaintiffs' Amended Complaint.

81. Defendants deny the allegations in paragraph 81 of Plaintiffs' Amended Complaint.

## CLAIM TWO
### ALLEGED VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)
### (PUTATIVE CLASS CLAIM AGAINST ALL DEFENDANTS)

82. Defendants incorporates its responses and denials to paragraphs 1 through 81 of Plaintiffs' Amended Complaint as if fully restated.

83. Defendants admit that Plaintiffs purport to bring this claim on behalf of a class. Defendants further admit that Plaintiffs purport to define the class as stated in paragraph 83 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 83 or otherwise. Defendants deny the remaining allegations in paragraph 83.

84. Defendants admit that Plaintiffs purport to bring this claim on behalf of a subclass. Defendants further admit that Plaintiffs purport to define the subclass as stated in paragraph 84 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 84 or otherwise. Defendants deny the remaining allegations in paragraph 84.

85. No answer is necessary to paragraph 85 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 85 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

86. No answer is necessary to paragraph 86 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 86 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

87. No answer is necessary to paragraph 87 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the

allegations in paragraph 87 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

88. No answer is necessary to paragraph 88 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 88 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

89. No answer is necessary to paragraph 89 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 89 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

90. Defendants deny the allegations in paragraph 90 of Plaintiffs' Amended Complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiffs' Amended Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiffs' Amended Complaint.

### CLAIM THREE
### ALLEGED VIOLATIONS OF VIRGINIA USURY LAWS
### (PUTATIVE CLASS CLAIM AGAINST ALL DEFENDANTS)

93. Defendants incorporates its responses and denials to paragraphs 1 through 92 of Plaintiffs' Amended Complaint as if fully restated.

94. Defendants admit that Plaintiffs purport to bring this claim on behalf of a class and subclass. Defendants further admit that Plaintiffs purport to define the class and subclass as stated in paragraph 94 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 94 or otherwise. Defendants deny the remaining allegations in paragraph 94.

95. No answer is necessary to paragraph 95 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the

allegations in paragraph 95 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

96. No answer is necessary to paragraph 96 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 96 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

97. No answer is necessary to paragraph 97 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 97 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

98. No answer is necessary to paragraph 98 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 98 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

99. No answer is necessary to paragraph 99 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 99 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

100. The allegations contained in paragraph 100 of Plaintiffs' Amended Complaint refer to loan agreements, which speak for themselves. To the extent that the allegations of paragraph 100 vary from the text of the loan agreements themselves, they are denied.

101. Defendants' deny the allegations in paragraph 101 of Plaintiffs' Amended Complaint.

102. No answer is necessary to paragraph 102 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 102 of Plaintiffs' Amended Complaint.

103. Defendants' deny the allegations in paragraph 103 of Plaintiffs' Amended Complaint.

## CLAIM FOUR
## ALLEGED UNJUST ENRICHMENT
## (PUTATIVE CLASS CLAIM AGAINST ALL DEFENDANTS)

104. Defendants incorporates its responses and denials to paragraphs 1 through 103 of Plaintiffs' Amended Complaint as if fully restated.

105. Defendants admit that Plaintiffs purport to bring this claim on behalf of a class. Defendants further admit that Plaintiffs purport to define the class as stated in paragraph 105 of the Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 105 or otherwise. Defendants deny the remaining allegations in paragraph 105.

106. No answer is necessary to paragraph 106 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 106 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

107. No answer is necessary to paragraph 107 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 107 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

108. No answer is necessary to paragraph 108 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny

the allegations in paragraph 108 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

109. No answer is necessary to paragraph 109 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 109 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

110. No answer is necessary to paragraph 110 of Plaintiffs' Amended Complaint because it only contains legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 110 of Plaintiffs' Amended Complaint. Defendants deny that this matter may be properly maintained against them as a class action.

111. Defendants deny the allegations in paragraph 111 of Plaintiffs' Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of Plaintiffs' Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of Plaintiffs' Amended Complaint.

Defendants deny all the remaining allegations in Plaintiffs' to the extent not expressly admitted above, and otherwise deny that they are liable to Plaintiffs for any of the requested relief set forth in Plaintiffs' Amended Complaint.

## **ADDITIONAL DEFENSES**

Without admitting any of the allegations of the Amended Complaint, and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following defenses. Defendants intend to rely upon any additional defenses that become

available or apparent during pretrial proceedings and discovery in this action and reserves the right to amend this Answer to assert all such further defenses.

### FIRST ADDITIONAL DEFENSE

The Amended Complaint herein, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from Defendants.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' Amended Complaint fails to the extent that Plaintiffs lack personal jurisdiction over Defendants.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims fail before this forum to the extent that they agreed to arbitrate their claims against Defendants.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that Defendants, at all relevant times, acted in good faith and in a lawful manner towards consumers and in conformity with all applicable laws.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims fail to the extent that have failed to exhaust their remedies by failing to resolve their dispute through the tribal dispute resolution procedure required by their contract with their lender(s).

### SIXTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class

do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants as a class action to the extent that such class recovery would deprive Defendants of their due process rights to assert individualized defenses to claims of class members.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs cannot recover from Defendants individually or as a class action for punitive damages to the extent any award of punitive damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim.

### NINTH ADDITIONAL DEFENSE

Plaintiffs cannot recover against Plaintiffs on the basis that they lack standing to sue such entities.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to the extent that they are unable to meet the legal requirements for the entry of declaratory and/or injunctive relief, and also because they cannot seek such relief as private citizens.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from seeking equitable remedies, including restitution and refunding of monies, on behalf of consumers where those consumers have an adequate remedy at law and have previously or are currently pursuing such claims in other forums on an individual or class-wide basis.

**TWELFTH ADDITIONAL DEFENSE**

Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**DAN KOETTING;**
**ROCK HILL CONSULTING, LLC**


By:*/s/David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendants Dan Koetting and Rock Hill Consulting, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

Michael C. Griffin
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
214 N Tryon St., Suite 3700
Charlotte, NC 28202
Telephone: (703) 338-60115
Facsimile: (704) 338-6091
Email: mgriffin@bradley.com

>Sam David Smith
>*Admitted Pro Hac Vice*
>Bradley Arant Boult Cummings LLP
>Chase Tower
>600 Travis St., Suite 4800
>Houston, TX 77002
>Telephone: (713) 576-0307
>Facsimile: (713) 576-0301
>Email: sdsmith@bradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Kristi C. Kelly
>Andrew J. Guzzo
>Casey S. Nash
>Kelly & Crandall, PLC
>3925 Chain Bridge Road, Suite 202
>Fairfax, VA  22030
>Telephone: 703-424-7570
>Facsimile: 703-591-9285
>Email: kkelly@kellyandcrandall.com
>Email: aguzzo@kellyandcrandall.com
>Email: casey@kellyandcrandall.com.com
>*Counsel for Plaintiffs*

>*/s/ David N. Anthony*
>David N. Anthony
>Virginia State Bar No. 31696
>*Counsel for Defendants Dan Koetting and Rock Hill Consulting, LLC*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA  23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutman.com